Ex parte WALTER TAYRIEN et al.

No. A-7435.   Opinion Filed June 22, 1929.
(278 Pac. 400.)

· Lee Williams, J. C. Daugherty, and Hargis & Yarbrough, for petitioners.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. Walter Tayrien and Roy McClintock filed in this court a duly verified petition in which they allege they are illegally restrained and unlawfully imprisoned by J. C. Tucker, sheriff of Washington county, state of Oklahoma; that petitioners were arrested in Washington county on the 27th day of May, 1929, on a warrant issued by one A. W. Jenkins, justice of the peace in and for the city of Bartlesville, Washington county, on a complaint filed before said justice of the peace, which complaint charged the petitioners, and each of them, with the crime of rape in the first degree, committed in the said Washington county on or about the 4th day of April, 1929; that after the arrest of the petitioners they were taken before the said A. W. Jenkins, justice of the peace, and were given a preliminary examination upon said complaint; that upon said hearing no competent evidence was introduced to in any manner connect petitioners with the commission of the crime charged against them, nor was there any proof introduced showing any crime had been committed, but, on the contrary, the proof tends to show that no crime had in fact been committed, and hence there was no reason or probable cause to believe petitioners guilty of such crime.

347

Petitioners further show that they applied to the district court of Washington county for a writ of habeas corpus and that the writ was denied them, and they are now still confined by the respondent in the county jail of Washington county, state of Oklahoma. Attached to the petition is a duly certified transcript of the testimony taken upon said preliminary examination. A rule to show cause issued returnable June 20, 1929, at 10 o'clock a. m., at which time the application was submitted on the petition, return of the officer to the rule, and the transcript of the testimony taken at the preliminary trial.

Upon a careful examination of the record and the evidence, we hold there is no legal or competent evidence to show that the defendants, or either of them, committed the offense charged in the complaint. The testimony of the girl alleged to have been raped shows conclusively that no sexual intercourse was had with her by either of the defendants. There being no legal or competent evidence to establish the corpus delicti, it is ordered that the petitioners be discharged.

EDWARDS, P. J., and CHAPPELL, J., concur.